## Commonwealth *v.* Vozzelli, Appellant.

Argued March 23, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*I. Leonard Hoffman*, with him *Leonard M. Sagot*, and *Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot*, for appellant.

*David Richman,* Assistant District Attorney, with him *Charles A. Klein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 11, 1970:

Defendant, after trial by jury, was found guilty of receiving stolen goods under the following facts:

At 7:40 P.M. on June 23, 1968, the defendant, a car inspector employed by Penn Central for 19 years, was observed by a railroad policeman emerging from a high weeded area adjacent to the tracks and going into a car inspector's office on Penn Central's property. The policeman then checked the weeded area and there found a number of new Firestone 800x14 whitewall tires approximately fifty to sixty feet from the company's tracks. He then went to track number 60 and checked special railroad cars which contained the same Firestone 800x14 whitewall tires. He found the seals broken on two of the cars. He and a fellow policeman then set up a surveillance on the tires. At about 10:40 P.M., after hearing a car door close, he saw Raymond Vozzelli placing an automobile tire in the trunk of his car. At that point, the defendant was arrested and found to have a total of seven tires in his automobile trunk and one tire on the rear seat.

Defendant testified he was working a 3:00 P.M. to 11:00 P.M. shift on June 23, 1968, denied breaking the seals on the cars or taking any tires from the railroad cars, alleged he went through the weeded area to get a drink of water, noticed the tires, noted that "they were fairly new or new" and decided to put them in his car to see if "they were better than mine". He stated he did not know the tires were stolen and figured the tires were dropped there by a truck.

The crime of receiving stolen goods is defined in the Act of 1939, P. L. 872, 18 P.S. 4817, as follows: "Whoever buys, has, or receives any goods . . . which shall have been stolen or feloniously taken . . . knowing or having reasonable cause to know the same to have been stolen or feloniously taken, is guilty of a felony. . ."

In this case, though there may be suspicion that the tires were stolen from the freight cars, there was not one scintilla of evidence to establish such theft. No evidence was presented that any tires were missing from the freight cars, despite the broken seals. The jury should not therefore have been permitted to speculate as to the theft of the tires.

It is this court's opinion that the proof is insufficient as a matter of law to sustain defendant's conviction of receiving stolen goods and that therefore his motion in arrest of judgment should have been granted.

. Judgment of sentence is reversed. It is ordered that the record be remitted to the court below forthwith and that upon its receipt that court direct the immediate discharge of defendant from the sentence imposed at No. 1796 August Term, 1968, Court of Common Pleas of Philadelphia County.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of Judge CONROY.