**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Dominic GOINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 2004.
Filed Dec. 29, 2004.
Reargument Denied March 3, 2005.

John Packel, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: JOYCE, STEVENS, and ORIE MELVIN, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant Dominic Goins appeals from the October 2, 2003 judgment of sentence of two consecutive terms of two years probation entered by the Court of Common Pleas of Philadelphia County following Appellant's summary convictions for Theft by Unlawful Taking or Disposition [1] and Theft by Deception.[2] Appellant argues that: (1) the evidence was insufficient to support his convictions; (2) his convictions should be downgraded to lower offenses; and (3) the consecutive terms of sentencing are illegal because the convictions merged. We vacate and remand to the trial court for purposes of downgrading the offenses and merging the sentences.

¶ 2 Appellant's convictions were based on events that occurred on May 5, 2003. On that day, Postal Inspector William Cobb, who was dressed as a letter carrier, conducted a controlled delivery of a package addressed to Kenneth Coleman. The package contained a DVD duplicating machine from Kingdom, Inc., and was addressed to a location in Philadelphia. The company had informed Inspector Cobb that Kenneth Coleman actually resided in Houston, Texas, and that a credit card was used to pay for the DVD device.

¶ 3 Inspector Cobb brought the package to the address in Philadelphia, Appellant answered, and Inspector Cobb announced that he had a package for Kenneth Coleman. Appellant responded that he was Kenneth Coleman's nephew and signed for the package in his own name, adding "nephew" after his name. Appellant was arrested by a police detective at the scene. During a post-arrest interrogation, Appellant told Inspector Cobb that he was not Kenneth Coleman, that he was not Kenneth Coleman's nephew, that he accepted the package for his friend, Stan, and that he claimed to be Kenneth Coleman's nephew because it sounded better than saying he was a friend.

¶ 4 Appellant appeared before the trial court for a bench trial on October 2, 2004. The Commonwealth presented the testimony of Inspector Cobb, and the defense rested without presenting any witnesses. The trial court found Appellant guilty of Theft by Unlawful Taking or Disposition and Theft by Deception and sentenced Appellant to two consecutive terms of two years probation. Appellant appealed his convictions to this Court.

¶ 5 Appellant first contends that there was insufficient evidence to support his theft convictions. We disagree. When reviewing a sufficiency of the evidence claim, this Court must review the evidence and all reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, and we must determine if the evidence, thus viewed, is sufficient to enable the fact-finder to find every element of the offense beyond a reasonable doubt. *Commonwealth v. Valette*, 531 Pa. 384, 388, 613 A.2d 548, 549 (1992); *Com-*

1. 42 Pa.C.S.A. § 3921.

2. 42 Pa.C.S.A. § 3922.

monwealth v. Marks, 704 A.2d 1095 (Pa.Super.1997). The fact-finder is free to believe all, part, or none of the evidence presented. Commonwealth v. Griscavage, 512 Pa. 540, 517 A.2d 1256 (1986). This Court may not substitute its judgment for that of the fact-finder, and if the record contains support for the verdict, we may not disturb the verdict. Commonwealth v. Mudrick, 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986).

¶ 6 18 Pa.C.S.A. § 3921 defines Theft by Unlawful Taking or Disposition and provides, in relevant part, that "[a] person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Movable property is defined as "[p]roperty the location of which can be changed." 18 Pa.C.S.A. § 3901. "Deprivation" occurs if a person: (1) "withhold[s] property of another permanently;" or (2) "dispose[s] of the property so as to make it unlikely that the owner will recover it." 18 Pa.C.S.A. § 3901. Theft by Deception is defined by 18 Pa.C.S.A. § 3922, which provides, in relevant part, that "[a] person is guilty of theft if he intentionally obtains or withholds property of another by deception." 18 Pa.C.S.A. § 3922(a). Deception occurs when a person "creates or reinforces a false impression." 18 Pa.C.S.A. § 3921(a)(1).

■ ¶ 7 In the instant case, the evidence is sufficient to support Appellant's conviction of Theft by Unlawful Taking or Disposition. The court found that Inspector Cobb's testimony was credible based on his experience in investigating these crimes. Specifically, the court found that Appellant received a package addressed to "Kenneth Coleman," that "Kenneth Coleman" actually resided in Houston, Texas, and that Appellant lied to Inspector Cobbs about being Kenneth Coleman's nephew in order to accept the package. Trial Court Opinion, Filed 5/7/04, at 4. We find ample support in the record for the trial court's findings.

¶ 8 Appellant argues that the Commonwealth's failure to identify specifically "the seized property as 'the' stolen property" constitutes insufficient evidence of theft. Appellant's Brief at 16. We disagree. Appellant accepted a package that was not addressed to him, and he lied about his relationship to the addressee in order to accept the package. Appellant did not offer a reason for accepting the package until he later admitted that he was not the nephew of the addressee. This evidence constitutes sufficient proof that he took movable property of another.

¶ 9 Furthermore, the trial court found that the addressee in question, "Kenneth Coleman," actually lived in Texas, not in Philadelphia. Appellant cites to several cases in which the lack of specific identification of the allegedly stolen items required reversal of theft convictions. See Commonwealth v. Deeters, 255 Pa.Super. 343, 386 A.2d 1034 (1978) (overturning theft conviction because the Commonwealth did not prove to whom the items belonged and whether the defendant had permission to take them); Commonwealth v. Vozzelli, 217 Pa.Super. 18, 268 A.2d 132 (1970) (overturning theft conviction because the Commonwealth did not prove that the tires in question were taken from freight cars); Commonwealth v. Gold, 155 Pa.Super. 364, 38 A.2d 486 (1944) (finding that goods may have been stolen or may have been purchased from store). However, in the instant case, the Commonwealth introduced evidence that the package was addressed to a different person and that Appellant lied about his relationship to the addressee when he accepted the package. The combination of Appellant accepting a package that was not addressed to him, his

false statement regarding his relationship to the addressee, and the fact that the addressee actually lived in Texas constitutes sufficient proof of his intent to "deprive."

■ ¶ 10 The evidence is sufficient also to support Appellant's conviction of Theft by Deception. Appellant argues that the Commonwealth failed to prove that the property belonged to another. Appellant's argument fails.

¶ 11 The trial court found that the package was intended for "Kenneth Coleman" and that Appellant falsely claimed to be the nephew of "Kenneth Coleman" when he claimed the package. Appellant clearly "create[d]... a false impression" when he falsely claimed to be related to the addressee in order to claim the package. 18 Pa.C.S.A. § 3922(a)(1). Because the record supports the trial court's findings, we find no reason to disturb the verdicts.

■ ¶ 12 Appellant's next argument is that his convictions should be downgraded from first-degree misdemeanors to third-degree misdemeanors because the Commonwealth did not offer any evidence as to the value of the property. See 18 Pa. C.S.A. § 3903(b)(2) (stating that a misdemeanor of the third degree results if the amount involved was less than $50). We agree. We have carefully reviewed the record and find no evidence of any valuation of the package and its contents. The only potential evidence in the record is that the package contained a DVD duplicating machine. However, the evidence in the record does not indicate whether it was a new or used machine or whether it was a discontinued and discounted item. We therefore cannot conclude, based on the evidence, that the contents of the package were worth more than fifty dollars, and we find that Appellant's offenses cannot be graded any higher than as misdemeanors of the third degree.

■ ¶ 13 Finally, we address whether Appellant's two theft convictions should have merged for purposes of sentencing. Appellant argues that Theft by Unlawful Taking or Disposition is a lesser included offense of Theft by Deception. We agree and find that the offenses merged.

¶ 14 In deciding whether two offenses merge for purposes of sentencing, we must first determine the applicable standards. Both Appellant and the Commonwealth cite to the Supreme Court of Pennsylvania's decision in *Commonwealth v. Gatling*, 570 Pa. 34, 807 A.2d 890 (2002) (plurality opinion). *See also* 42 Pa.C.S.A. § 9765. However, *Gatling* was a plurality decision, and previous panels of this Court have declined to consider *Gatling* as binding precedent. *See Commonwealth v. Healey*, 836 A.2d 156, 158 (Pa.Super.2003); *Commonwealth v. Duffy*, 832 A.2d 1132, 1137 n. 4 (Pa.Super.2003). The primary source of disagreement among the plurality and Justice Saylor in *Gatling* was in determining what constitutes a single criminal act. *See Gatling*, 570 Pa. at 52, 807 A.2d at 901 (Saylor, J., concurring). The plurality espoused a "break-in-the-chain" test, with which Justice Saylor disagreed. *Id.* at 901. As a result, this Court has not adopted the *Gatling* test. *See Healey, supra; Duffy, supra*.

■ ¶ 15 Instead, this Court continues to rely on the standard set forth in *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994). In *Anderson*, our Supreme Court stated:

> The question which arises on our reformulation of the rule is whether [a] single criminal act will support convictions and sentences for more than one crime. In order to answer this question, we must consider whether the crimes ... are greater and lesser included offenses.... The operative inquiry here is whether

the crimes involved are greater and lesser included offenses, i.e., whether the elements of the lesser included offense are a necessary subcomponent but not a sufficient component of elements of another crime.

*Anderson,* 538 Pa. at 580, 650 A.2d at 23 (citation omitted). To prove that a necessary subcomponent is not a sufficient component of elements of another crime, the greater offense must include at least one additional element that is different from the lesser offense. *Anderson,* 538 Pa. at 582, 650 A.2d at 24. We find that the elements of Theft by Unlawful Taking or Disposition are a necessary subcomponent, but not a sufficient component, of the elements of Theft by Deception.

¶ 16 Theft by Unlawful Taking or Disposition requires an intent to deprive, which the Commonwealth may prove either by showing an intent "[t]o withhold property of another permanently" or by showing an intent "to dispose of the property so as to make it unlikely that the owner will recover it." 18 Pa.C.S.A. § 3901. The Commonwealth argues that this element of permanency or unlikely recovery is not required in Theft by Deception, which requires proof that a defendant "intentionally obtains or withholds property of another." 18 Pa.C.S.A. § 3922(a). We disagree.

¶ 17 The appropriate analysis is not whether the permanency or "unlikely recovery" element is simply different from or stricter than the requirement in the greater offense, but it is instead whether those elements are merely a narrower requirement of a component for the greater included offense. In other words, a "necessary subcomponent" is determined by whether a conviction for Theft by Unlawful Taking or Disposition could, in any situation, fail to support the relevant component of Theft by Deception. *Compare*

*Commonwealth v. Comer,* 552 Pa. 527, 539, 716 A.2d 593, 599 (1998) (finding that "recklessly driving [a] vehicle into a SEPTA bus stand supported both the general element of the 'commission of a reckless act' of involuntary manslaughter and the specific requirement of a Vehicle Code violation of homicide by vehicle"), *with Commonwealth v. Collins,* 564 Pa. 144, 150, 764 A.2d 1056, 1059 (2001) (declining to merge offenses because the mutually exclusive nature of the offenses prevented the same evidence from satisfying the distinct elements of the two offenses). Contrary to the Commonwealth's belief, a higher degree of culpability for one offense does not necessarily mean it requires proof of a fact which the other offense does not. *Comer,* 552 Pa. at 538–39, 716 A.2d at 599. With these standards in mind, we proceed to the applicable offenses in the within case.

¶ 18 Proof of Theft by Unlawful Taking requires three elements: (1) unlawful taking or unlawful control over movable property; (2) movable property belongs to another; and (3) intent to deprive (permanently). 18 Pa.C.S.A. § 3921; 18 Pa. C.S.A. § 3901. Proof of Theft by Deception requires three elements: (1) intentionally obtaining or withholding property; (2) property belongs to another; and (3) deception. 18 Pa.C.S.A. § 3922. Clearly, proof that movable property belongs to another would always constitute proof that property belongs to another. Further, there does not exist a situation in which a person who unlawfully takes or controls another's property *and intends* to withhold that property permanently would not also intentionally obtain or withhold that property. The same analysis is true if the person unlawfully takes or controls another's property and intends unlikely recovery by the owner. As a result, the elements of Theft by Unlawful Taking or Disposition are subsumed in the elements

of Theft by Deception, and we find that Theft by Unlawful Taking or Disposition is a necessary subcomponent of Theft by Deception. *See Collins, supra.*

¶ 19 We must now determine whether Theft by Deception includes an element which is not required for Theft by Unlawful Taking or Disposition. Theft by Deception requires the element of deception, while Theft by Unlawful Taking or Disposition does not. As a result, Theft by Unlawful Taking or Disposition is a lesser included offense of Theft by Deception. We therefore find that the offenses should merge and that the imposition of consecutive sentences on Appellant was improper.

¶ 20 Vacated; Remanded; Jurisdiction Relinquished.