J-S50040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| THOMAS GASPARE GENNARO | |
| Appellant | No. 1929 MDA 2015 |

Appeal from the Judgment of Sentence December 24, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005116-2012

BEFORE:  STABILE, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED SEPTEMBER 13, 2016**

Appellant, Thomas Gaspare Gennaro, appeals from the judgment of sentence imposed after a jury convicted him of stalking and harassment.[1] After careful review, we affirm.

The underlying action was commenced by the filing of a criminal complaint at Docket No. 5116-2012 in which Appellant, from June 3–5, 2012, was alleged to have "engaged in a course of conduct or repeatedly communicated to his estranged wife" by calling her cell phone "13 times over the course of 37 hours while a no contact Protection from Abuse (PFA)

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2709.1(a)(2) and 2709(a)(7).

order was in effect." Criminal Complaint, 6/19/12, at 2. With respect to this this complaint, Appellant was charged with stalking and harassment.[2]

A trial was held from November 6–8, 2013, and Appellant was found guilty.[3] On December 24, 2014, the trial court sentenced Appellant to seven years' probation on the underlying docket, to run consecutive to a sentence of time-served that was imposed on separate charges at Docket 698-2013.[4] Appellant did not file a timely appeal.

On July 23, 2014, Appellant filed a petition for post-conviction relief, which ultimately resulted in Appellant's direct appeal rights being reinstated *nunc pro tunc*. Appellant was also permitted to file a *nunc pro tunc* post-sentence motion, which Appellant filed on May 6, 2015, and in which he alleged that his stalking conviction was against the weight and sufficiency of the evidence presented at trial. On October 2, 2015, the trial court denied Appellant's post-sentence motion, and issued a memorandum opinion. Appellant filed a notice of appeal on November 2, 2015.

---

[2] Separate from the docket in this appeal, Appellant was charged with stalking and harassment at Docket 5118-2012, relative to his alleged actions on May 24-28, 2012; and with stalking and harassment at Docket 698-2013, for incidents alleged to have occurred between July 27, 2012 and October 19, 2012. The charges on all three dockets were consolidated for trial.

[3] Appellant was acquitted of the charges at Docket 5118-2012, and convicted of both charges at Docket 698-2013.

[4] The harassment charge merged with the stalking charge for purposes of sentencing.

On appeal, Appellant presents two issues for our review:

I.     IS THE VERDICT AGAINST THE WEIGHT OF THE EVIDENCE WHERE THE VICTIM'S TESTIMONY WAS NOT CREDIBLE BECAUSE SHE DID NOT REPORT THE PHONE CALLS TO POLICE UNTIL LATER, SHE EXAGGERATED THE NUMBER OF CALLS, THERE WERE NO THREATS, AND THERE WAS NO EVIDENCE OF INTENDED OR ACTUAL SUBSTANTIAL EMOTIONAL DISTRESS?

II.    IS THERE INSUFFICIENT EVIDENCE FOR A CONVICTION OF STALKING WHERE THE EVIDENCE AT TRIAL DID NOT SHOW THAT APPELLANT HAD THE INTENT TO CAUSE THE VICTIM SUBSTANTIAL EMOTIONAL DISTRESS?

Appellant's Brief at 4.

Preliminary, with regard to Appellant's two issues challenging the weight and sufficiency of the evidence, we note the following:

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, **Tibbs v. Florida**, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); **Commonwealth v. Vogel**, 501 Pa. 314, 461 A.2d 604 (1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. **Id.**
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. **Commonwealth v. Karkaria**, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law.

*Commonwealth v. Santana,* 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630 (1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. *Commonwealth v. Whiteman,* 336 Pa.Super. 120, 485 A.2d 459 (1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. *Tibbs,* 457 U.S. at 38 n. 11, 102 S.Ct. 2211. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Brown,* 538 Pa. 410, 648 A.2d 1177 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Thompson, supra.* A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.*

*Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000) (footnote omitted).

Because Appellant's insufficiency argument goes to the legal question whether he could be convicted of the charged offense, we address that question first. Appellant asserts the evidence failed to establish that he communicated to his estranged wife with an intent to cause her substantial emotional distress. Appellant's Brief at 11-12; 19-21. Appellant states,

"[a]t best, in the case at hand, the evidence shows that she received a total of approximately 37 phone calls from [Appellant] over a 3-day period, in which he told her that he was in the hospital and was about to undergo heart surgery, or that he was in jail, or getting arrested for a traffic ticket. There were no threats made in any of the calls or voicemails, and [she] did not answer many of the calls." *Id.* at 21. Appellant concludes that his conviction "is based on conjecture and speculation and not on reasonable inferences made from the evidence presented by the Commonwealth." *Id.*

The Commonwealth responds that the evidence was sufficient to support Appellant's stalking conviction, and specifically avers that Appellant's allegation that he did not intend to cause the victim substantial emotional distress is belied by the record. *See* Commonwealth's Brief at 17. The Commonwealth observes that although the time period from June 3-5, 2012 is "at the center of the instant appeal . . . the victim's testimony should not be considered in vacuum [because] the [June] phone calls were a continuation of a series of events that, although separated for legal purposes by different docket numbers, at times were referred to generally by the victim." *Id.* at 23.

When reviewing a sufficiency of the evidence claim, this Court must review the evidence and all reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, and we must determine if the evidence, thus viewed, is sufficient to enable the fact-finder to find every

element of the offense beyond a reasonable doubt. *Commonwealth v. Goins*, 867 A.2d 526, 527–528 (Pa. Super. 2004) (citations omitted). The fact-finder is free to believe all, part, or none of the evidence presented. *Id.* at 528. This Court may not substitute its judgment for that of the fact-finder, and if the record contains support for the verdict, we may not disturb the verdict. *Id.*

The crime of stalking is defined as follows:

> **(a) Offense defined.--**A person commits the crime of stalking when the person []:
>
> . . .
>
> (2) engages in a course of conduct or repeatedly communicates to another person under circumstances which demonstrate or communicate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person.

18 Pa.C.S. § 2709.1. Appellant does not dispute that he engaged in a course of contacting his estranged wife between June 3-5, 2012, when there was a PFA order prohibiting such contact. N.T., 11/6-8/15, at 199. Rather, he contends that the evidence does not support the jury's inference that he intended to cause substantial emotional distress.

We agree with the Commonwealth's observation that the testimony of Appellant's estranged wife did not always focus on specific dates, but it nevertheless generally addressed the impact of Appellant's actions and supported his underlying conviction. For example, Appellant's estranged wife testified:

- 6 -

[I]t's been obvious that he's stated several times that he will never give up or stop. He states reconciling [sic] when it comes to me, and I did believe those things in the past and I know them to be true. I truly believe that he will not stop and that's frightening to me that, you know, I will spend the rest of my life [sic].

N.T., 11/6-8/15, at 174. Consistent with the foregoing, all of the evidence, viewed most favorably to the Commonwealth as verdict winner, was sufficient to support the jury's reasonable inference that Appellant intended to cause his estranged wife substantial emotional distress, and was therefore guilty of stalking beyond a reasonable doubt.

In his other issue, Appellant claims that even if the evidence was sufficient to support a guilty verdict, his stalking conviction was against the weight of the evidence, and he therefore should receive a new trial. A court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice, such that "right must be given another opportunity to prevail." *Commonwealth v. Foster*, 764 A.2d 1076, 1083 (Pa. Super. 2000). The evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court. *Commonwealth v. Ross*, 856 A.2d 93, 99 (Pa. Super. 2004). In addition, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003).

Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim. *Id.*

Appellant asserts that his stalking conviction "is so contrary to the weight of the evidence that it shocks the conscience, and a new trial should be awarded." Appellant's Brief at 11. The essence of Appellant's weight argument is that his estranged wife's testimony and credibility does not support his conviction. Appellant states that his estranged wife "exaggerated the number of phone calls" she received from Appellant, did not testify that "the phone calls made her afraid," and "in fact made her own contact with [Appellant] through a number of letters." Appellant's Brief at 11. Appellant argues that "none of the testimony" presented through his estranged wife shows that he engaged in contact "with the intent to cause her substantial emotional distress, nor that he actually caused her any emotional distress." *Id.*

The Commonwealth counters that Appellant's weight claim is without merit because "the jury, as finders of fact, found the victim's testimony to be credible and believed the victim's testimony." Commonwealth's Brief at 18. The Commonwealth further maintains that Appellant's convictions were "not manifestly unreasonable, the law was not misapplied, and the record was devoid of partiality, prejudice, bias or ill will." *Id.*

Upon review of the record, we discern no abuse of discretion by the trial court in concluding that Appellant's weight claim is meritless and denying his post-sentence motion for a new trial.[5] There are 407 pages in the trial transcript, the overwhelming majority of which comprise the Commonwealth's case. Five witnesses testified at Appellant's trial, and all of them — Officer Derek Smith, Catherine Gennaro (Appellant's estranged wife), Detective William Shafer, Officer Daniel Teague, and Sergeant Darryl Smuck, II — were called by the Commonwealth. Appellant chose not to testify. N.T., 11/6-8/15, at 333. Appellant re-called Detective Shafer as the sole defense witness; the detective's extremely brief testimony was that with regard to the June 3-5, 2012 time period, when Sergeant Smuck told Detective Shafer about a phone call from Appellant's estranged wife, he did not note that call in his report, but did "so on my pictures though."[6] *Id.* at 334-335.

---

[5] Pennsylvania Rule of Criminal Procedure 607(A) requires that a claim that the verdict was against the weight of the evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."

[6] Detective Shafer testified on direct examination that he took photographs of the cell phone of Appellant's estranged wife, and these photographs "show[ed] calls on it that would have been made to her when she came and reported that [Appellant] was contacting her from York Hospital." *Id.* at 293-294.

In specifically addressing Appellant's argument regarding his estranged wife's testimony, the trial court noted, "[w]hile the Victim did indicate that [Appellant] made over one hundred (100) phone calls to her, she was not, in fact, referring to the time period of June 3, 2012 through June 5, 2012. The Victim was, instead, referring to the time period in May when she references receiving over 100 phone calls from [Appellant]." Trial Court Opinion, 10/2/15, at 2-3 (citations to notes of testimony omitted). Our review confirms the trial court's statements. The victim testified that during "this [June 3-5, 2012] period," she received "6, 10, somewhere around there" phone calls from Appellant, and stated she "was not really sure, there's just been so many." N.T., 11/6-8/13, at 124. She explained, "[a]ll of the voice mails and the calls and every time that I would hear his voice and things such as that, it would be very upsetting to me because I did feel guilty." *Id.* at 126.

Appellant notes that Appellant's estranged wife did not immediately report the phone calls to the police, but the trial court concluded that the "length of time it took the Victim to contact the police has no bearing on the credibility of the witness." Trial Court Opinion, 10/2/15, at 2. Our review reveals that relative to the June 3-5, 2012 time period, Appellant's estranged wife testified that she did contact police when she learned "that [Appellant] was being released from the hospital." N.T., 11/6-8/15, at 124.

As to her emotional state, the Commonwealth specifically asked Appellant's estranged wife: "How about the time in early June when

- 10 -

[Appellant] called from the hospital and then after that?" *Id.* at 196. She replied: "The time that he called from the hospital scared me because then I knew he was out. I was afraid he would come to our house or—" *Id.* at 197-198. Appellant's estranged wife noted that Appellant was angry that she had not visited him in the hospital. *Id.* at 123. Although she repeatedly asked Appellant to stop, he kept calling her anyway. *Id.* at 121-126. Given this testimony, the jury could infer Appellant's intent to cause his estranged wife substantial emotional distress by his repeated phone calls.

As stated above, for a weight claim to prevail, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Ross*, 856 A.2d at 99. After careful consideration, we discern no abuse of discretion by the trial court in determining that Appellant's weight claim is without merit.

Accordingly, Appellant is not entitled to relief on his weight and sufficiency claims, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2016

- 11 -