J-S81004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANGEL COLON | |
| Appellant | No. 288 EDA 2016 |

Appeal from the Judgment of Sentence December 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001942-2015

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 15, 2017**

Angel Colon appeals from the judgment of sentence of three years probation, imposed following his conviction of theft, criminal conspiracy, and receiving stolen property.  We affirm.

The convictions stem from Appellant's role in the assault and robbery of Maureen Colosi-Mattis on Market Street, Philadelphia.  During the bench trial, the victim testified as follows.  At approximately 8:45 a.m. on November 12, 2014, she and her then-boyfriend, Frank Huesser, were walking on the 900 block of Market Street.  Ms. Colosi-Mattis observed Appellant and two women "sizing [her] up." N.T., 12/22/15, at 11.   The

_____

* Former Justice specially assigned to the Superior Court.

victim identified one woman as Jennifer Antonetti, Appellant's paramour,[1] but was unable to identify the other woman. Ms. Antonetti quickly withdrew a small umbrella and freed one of the prongs so as to wield it as a weapon. *Id*. at 12.

Colosi-Mattis continued that, accompanied by Appellant and the other unknown assailant, Ms. Antonetti approached her and her companion and assaulted them both, poking her in the eye with the exposed prong from the umbrella. *Id*. at 12-13. Ms. Antonetti beckoned to Appellant in Spanish, and he and the other woman joined the assault, punched her in the stomach and legs, and pulled her large designer handbag from her shoulder. *Id*. at 13, 15, 49. Appellant took the purse and ran across the street with the unidentified woman. *Id*. at 44. The assault continued for eight to ten minutes before police arrived. *Id*. at 16.

Once the police arrived, Colosi-Mattis informed them that her designer handbag, watch, and jewelry were missing. The police found the purse near where Appellant was standing on the other side of Market Street, but the watch and jewelry were never recovered. *Id*. at 17-18, 47. Ms. Colosi-Mattis indicated that $222 was missing from her purse when it was returned

---

[1] Appellant described Ms. Antonetti alternatively as "my kid's mother" and what we interpret as his common-law wife, *i.e.*, "she's my wife by, you know, . . . about eight years together." N.T., 12/22/15, at 83. As common-law marriages contracted after January 1, 2005, are invalid, we refer to Ms. Antonetti as Appellant's paramour.

to her. *Id*. at 46. The police arrested Appellant and Ms. Antonetti. *Id*. at 17.

Philadelphia Police Officer Luis Rivera testified that he was sitting in a patrol vehicle parked on Market Street when the altercation erupted. *Id*. at 51. He did not observe the woman Ms. Colosi-Mattis was unable to identify. The officer described the incident as two couples approaching one another, and the two women began yelling at each other as the couples converged. *Id*. at 52-53. As he exited the patrol car and attempted to navigate through traffic on the four-lane thoroughfare, Officer Rivera observed Ms. Antonetti physically assault Ms. Colosi-Mattis. *Id*. at 53-54. He did not see Appellant or Ms. Colosi-Mattis's companion get involved in the altercation. *Id*. at 55, 58. By the time he crossed the street to intervene, Ms. Colosi-Mattis was on the ground "[a]nd Ms. Antonetti was on top of her furiously slapping her and kicking her and screaming at her." *Id*. at 55. Officer Rivera lost track of Appellant as he attempted to restrain Ms. Antonetti and call for back up. *Id*. at 56. When a second police officer arrived, Officer Rivera learned that Ms. Colosi-Mattis was missing some of her property. *Id*. at 56. Officer Rivera transferred that aspect of the investigation to his colleague, Philadelphia Police Officer Blake Chim, so that he could arrest Ms. Antonetti. He did not recover the victim's watch or jewelry from the assailant. *Id*. at 59.

Officer Chim testified that he was patrolling nearby when he responded to a police radio call for back up and assistance with a street fight in the 900

block of Market Street. *Id*. at 63. When Officer Chim arrived on the scene, Ms. Antonetti was secured in a patrol car and Officer Rivera was interviewing the complainant, who stated that her purse was missing. *Id*. She described the handbag to Officer Chim as a large brown bag designed by Michael Kors. Officer Chim crossed Market Street and approached Appellant, who was standing against a wall near a large purse that matched the description given by Ms. Colosi-Mattis. *Id*. at 65. Officer Chim explained, the "purse was sitting on top of a trash can within arm's reach of [Appellant]." *Id*. The victim identified the handbag as the one that she was carrying prior to the assault. *Id*. at 66.

Appellant was charged with robbery, aggravated assault, theft, criminal conspiracy to commit theft, simple assault, recklessly endangering another person, and receiving stolen property. He testified that he mistakenly collected the victim's purse along with Ms. Antonetti's handbag during the assault and suggested that he intended to return the purse to the victim. The trial court rejected his testimony. As it relates to this factual determination, the trial court observed,

> I found [Appellant's] testimony about not knowing that [he] had this other woman's extremely large purse . . . completely incredible[.] I don't know how [he] thought taking the stand to tell a Judge that [he] had . . . accidently picked up this other very large purse - - . . . I think, . . . quite frankly, it takes a lot of nerve.

*Id*. at 106-107.

Appellant was convicted of theft, conspiracy, and receiving stolen property. The court imposed three years probation for criminal contempt and no further penalty for theft. Receiving stolen property merged for the purposes of sentencing. This timely appeal followed. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the court authored its Rule 1925(a) opinion.

Appellant challenges the sufficiency of the evidence, claiming that the Commonwealth did not prove beyond a reasonable doubt the elements of theft and criminal conspiracy. Appellant's brief at 4. Specifically, he asserts that the Commonwealth did not establish that Appellant intended to permanently deprive Ms. Colosi-Mattis of her property or that he entered into an agreement with Ms. Antonetti to steal the victim's property. For the reasons that follow, no relief is due.

Our standard of review is well-settled:

[W]e examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

**Commonwealth v. Doughty**, 126 A.3d 951, 958 (Pa. 2015).

Moreover,

the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved

- 5 -

by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

***Commonwealth v. Lynch***, 72 A.3d 706, 708 (Pa.Super. 2013) (internal citations and quotation marks omitted) (*en banc*).

Pursuant to the Pennsylvania Crimes Code, "[a] person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921. "Deprive" is defined as: "(1) To withhold property of another permanently . . . or (2) to dispose of the property so as to make it unlikely that the owner will recover it." 18 Pa.C.S. § 3901. Thus, in order to prove theft under § 3921(a) in the present case, the Commonwealth was required to establish that Appellant unlawfully took, or exercised control over, Ms. Colosi-Mattis's purse with the intent to deprive her of it permanently. ***See Commonwealth v. Goings***, 867 A.2d 526, 530 (Pa.Super. 2004). ("Proof of Theft by Unlawful Taking requires three elements: (1) unlawful taking or unlawful control over movable property; (2) movable property belongs to another; and (3) intent to deprive (permanently)").

Appellant's arguments implicate the intent-to-deprive element of the offense. In ***Goings***, ***supra*** at 530, we explained, "the Commonwealth may prove [intent to deprive] by showing an intent to withhold property of another permanently or by showing an intent to dispose of the property so

- 6 -

as to make it unlikely that the owner will recover it." Instantly, Appellant concedes that he removed Ms. Colosi-Mattis's purse during the scuffle but contends that he picked it up by mistake and did not intend to keep it. Thus, he argues that the evidence did not reveal his intent to deprive Ms. Colosi-Mattis of the handbag permanently. We disagree.

As with the remaining elements of the offense, the Commonwealth may prove the intent to deprive by circumstantial evidence. Presently, the evidence demonstrated that Appellant took the large designer purse from the victim while she was engaged in a physical altercation with Ms. Antonetti, carried it across four lanes of traffic to the other side of Market Street, and placed it on top of a trash can. Then, standing on the other side of the thoroughfare with the victim's purse within arm's reach, Appellant watched as Ms. Antonetti continued to the assault.

As noted *supra*, the fact-finder rejected as incredible Appellant's explanation that he was going to return the handbag. It inferred from Appellant's behavior an intent to deprive the victim of her property. In its Rule 1925(a) Opinion, the court reiterated its rationale,

> While Appellant testified that he had no idea he was carrying Ms. [Colosi-]Mattis' handbag across the street, this Court, sitting as fact finder, found his testimony to be extremely incredible. Appellant testified that [Ms. Antonetti] had tossed him her own, much smaller, purse prior to throwing any punches; as such, he knew what [her] purse looked like. Moreover, given the sheer size of Ms. [Colosi-]Mattis' handbag -- which was depicted in photographs submitted into evidence -- it was glaringly distinct from the smaller purse belonging to [Ms. Antonetti].

- 7 -

Trial Court Opinion, 5/27/16, at 8-9.

From the evidence presented, the fact finder was entitled to conclude that Appellant's actions in taking the purse from Ms. Colosi-Mattis's body or the the location of the assault and standing with it on the other side of a four-lane thoroughfare established Appellant's intent to deprive the victim of her property. While Appellant asked the fact finder to infer that he intended to return the property to Ms. Colosi-Mattis, the evidence adduced during trial supported the trial court's contrary inference that Appellant intended to deprive Ms. Colosi-Mattis of the purse permanently.[2] As Appellant failed to present any legal authority to support his position that the fact-finder's inference was unreasonable in light of the foregoing evidence, his argument fails.

Appellant's second issue assails the sufficiency of the evidence that the Commonwealth adduced in support of the criminal conspiracy conviction. Pursuant to the Crimes Code,

> A person is guilty of conspiracy with another person or persons
> to commit a crime if with the intent of promoting or facilitating

---

[2] While not stated expressly in his statement of questions presented, to the extent that Appellant's brief also challenges the intent-to-deprive element of his receiving stolen property conviction pursuant to 18 Pa.C.S. § 3925(a), we reject that claim for the identical reason as set forth in the body of this memorandum, *i.e.*, the certified record supports the trial court's finding that Appellant retained Ms. Colosi-Mattis's purse with the intent to deprive her of it permanently.

its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime[.]

18 Pa.C.S. § 903

As our High Court previously stated, "[t]he material elements of conspiracy are: "(1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy." **Commonwealth v. Gross**, 101 A.3d 28, 34 (Pa. 2014). The crux of the instant complaint is that the evidence does not demonstrate by a preponderance of the evidence that Appellant agreed to commit a criminal act or that he engaged in any criminal behavior. Again, no relief is due.

The fact-finder can infer an agreement from "the relation of the parties, knowledge of and participation in the crime and the circumstances and conduct of the parties surrounding the criminal episode." **Commonwealth v. Garcia**, 847 A.2d 67, 70 (Pa.Super. 2004). Pennsylvania jurisprudence has recognized that circumstantial evidence is typically the only means to establish a conspiracy. **Commonwealth v. Swerdlow**, 636 A.2d 1173, 1177 (Pa.Super. 1994) ("An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities.").

Contrary to Appellant's contentions, which principally assail Ms. Colosi-Mattis's credibility rather than any defect in the evidence, the certified record sustains the criminal conspiracy conviction. During the trial, Ms. Colosi-Mattis testified that Appellant, Ms. Antonetti, and the unidentified female examined her initially while she was walking down Market Street and converged upon her and her companion in unison. While Ms. Antonetti initiated the physical assault, she soon called out to Appellant in Spanish and he and the other woman joined in the beating, pulled the victim's handbag from her shoulder, and fled across the street. Hence, in light of the Appellant's and Ms. Antonetti's relationship, the latter's entreaty for Appellant's assistance during the physical altercation, and Appellant's participation in the assault and theft, sufficient circumstantial evidence exists in the certified record to satisfy both the agreement and the the unlawful act elements of criminal conspiracy.

Stated differently, the circumstantial evidence, viewed in the light most favorable to the Commonwealth, leads to the inference that Appellant agreed with Ms. Antonetti to provoke Ms. Colosi-Mattis and steal her purse. Moreover, the circumstantial evidence raises the inference that Appellant aided the common plan by joining the attack, attempting to separate Ms. Colosi-Mattis from her purse, and then taking the property across the street. Hence, Appellant's claim that the conspiracy conviction is premised upon insufficient evidence fails.

Furthermore, we reject the principle focus of Appellant's argument, which is nothing more than an attack on Ms. Colosi-Mattis's credibility. Specifically, Appellant contends that aspects of Ms. Colosi-Mattis's trial testimony relating to Appellant's role in the assault and theft were inconsistent with her prior testimony during a preliminary hearing. Appellant also highlights portions of Ms. Colosi-Mattis's testimony that are unrelated to him, which he asserts were inconsistent with other witnesses who testified during the trial. Relying upon our Supreme Court's perspective in *Commonwealth v. Farquharson*, 354 A.2d 545 (Pa. 1976), Appellant concludes that the evidence of criminal conspiracy is so unreliable and contradictory so as to make the trial court's factual determination regarding the existence of an agreement pure conjecture. We disagree.

We note that our High Court has previously found that challenges to a verdict pursuant to the *Farquharson* standard implicate the weight, and not the sufficiency of, the evidence. *Commonwealth v. Sanchez*, 36 A.3d 24, 37 (Pa. 2011). However, in a more recent decision, the Supreme Court elected to address a sufficiency claim through the lens of the *Farquharson* standard. *See Commonwealth v. Brown*, 52 A.3d 1139 (Pa. 2012). The *Brown* Court ultimately found, as we find now, that even if this standard is applicable to a sufficiency claim, an appellate court "will not, on sufficiency review, disturb the finder of fact's resolution except in those exceptional instances . . . where the evidence is so patently unreliable that the [fact-

- 11 -

finder] was forced in engage in surmise and conjecture in arriving at a verdict based on that evidence." *Id*. at 1166.

There is no exceptional circumstance in the case at bar that warrants the application of the *Farquharson* standard. First, we observe that the alleged inconsistencies between the testimony proffered by Ms. Colosi-Mattis and the three other witness did not pertain to Appellant or his role in the criminal enterprise. In addition, as it relates to when she first observed Appellant, Ms. Colosi-Mattis explained that the cause of her confusion during the preliminary hearing stemmed, in part, from her interaction with the Police detectives who took her initial statement following the incident. N.T., 12/22/15, at 33. She also confirmed during the trial that, notwithstanding her prior testimony that she did not see Appellant at the **outset** of the incident, she has consistently identified him as one of the assailants who beat her, and the person who stole her purse and ran across the street. *Id*. at 32, 33, 34-35, 36. Moreover, insofar as Officer Rivera testified that he watched the couples converge immediately prior to the fight, the record supports Ms. Colosi-Mattis's testimony that Appellant was, in fact, present at the outset. Hence, Appellant's perceived inconsistency regarding whether the victim first noticed him before the assault started is both inaccurate and inconsequential in light of her consistent testimony that Appellant was engaged in the assault along with Ms. Antonetti and that Appellant stole her purse and absconded across the street with it. No relief is due.

As the the certified record sustains the trial court's finding that the Commonwealth proved beyond a reasonable doubt the elements of theft by unlawful taking, receiving stolen property, and criminal conspiracy to commit theft, Appellant's sufficiency of the evidence claims fail.

Judgment of sentence affirmed

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/15/2017