**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2557
_____

JHENSY SAILLANT,
                                        Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(B.I.A. No. A062-280-757)
Immigration Judge: Kuyomars Q Golparvar

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 23, 2020

Before: JORDAN, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: April 7, 2020)

_____

_____

OPINION[*]
_____

PER CURIAM

Jhensy Saillant petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the Immigration Judge's (IJ's) removal order. We will deny the petition for review.

Saillant is a citizen of Haiti. He entered the United States as an immigrant in 2011. He was convicted of retail theft in 2016, in violation of 18 Pa. Cons. Stat. § 3929(a)(1), and theft by deception in 2015, in violation of 18 Pa. Cons. Stat. § 3922(a). Having committed a crime involving moral turpitude (CIMT) within five years of admission for which the possible sentence is a year or more, he was charged with being removable under 8 U.S.C. § 1227(a)(2)(A)(i). Saillant admitted that he had the convictions with which he was charged, and the IJ determined that the convictions rendered him removable. A.R. 81. Saillant applied for asylum and related relief, but the IJ determined that he had not been persecuted in the past and that he did not establish a likelihood that he would be persecuted in the future based on a protected ground.[1]

Saillant appealed to the BIA, arguing only that his convictions were not CIMTs. The BIA denied relief and Saillant filed a timely, pro se petition for review. After Saillant filed

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Saillant was cut in a random attack when he was fifteen or sixteen years old and he feared general violence in Haiti. He did not pursue his asylum claim before the BIA, however. So although his opening brief argues that he is eligible for asylum and withholding of removal,

2

his opening brief, the Government filed a motion for a full remand and Saillant filed a response in opposition. The motion to remand and response were referred to our panel, and the case is now fully briefed.

We have jurisdiction under 8 U.S.C. § 1252. Because we conclude that Saillant is removable for having committed a CIMT, however, § 1252(a)(2)(C)'s jurisdiction-stripping provision applies. See Rachak v. Att'y Gen. of the U.S., 734 F.3d 214, 216 (3d Cir. 2013). As a result, our jurisdiction is limited to questions of law and constitutional claims. See 8 U.S.C. § 1252(a)(2)(D). We review de novo the BIA's determination that a conviction is a CIMT, applying the categorical approach. See Moreno v. Att'y Gen. of the U.S., 887 F.3d 160, 163 (3d Cir. 2018); Ildefonso-Candelario v. Att'y Gen. of the U.S., 866 F.3d 102, 104 (3d Cir. 2017).

We agree that Saillant's retail-theft conviction does not qualify as a CIMT under the statute, because it is not a crime for which "a sentence of one year or longer may be imposed," 8 U.S.C. § 1227(a)(2)(A)(i)(II). His conviction was graded as a summary offense, A.R. 148, see 18 Pa. Cons. Stat. § 3929(b)(1)(i), punishable by a maximum of ninety days in prison, see 18 Pa. Cons. Stat. § 1105.

Saillant argues that his theft-by-deception conviction is also not a CIMT under the categorical approach. First, he argues that a conviction under 18 Pa. Cons. Stat. § 3922(a)

---

this Court lacks jurisdiction to consider the argument because he did not exhaust it before the BIA and the BIA did not address the substance of the issue. See 8 U.S.C. § 1252(d); cf. Bin Lin v. Att'y Gen. of the U.S., 543 F.3d 114, 126 (3d Cir. 2008) (concluding that an issue was exhausted where the BIA sua sponte issued a "discernible substantive discussion on the merits" of the issue, despite the petitioner's failure to raise the issue on appeal (quoting Sidabutar v. Gonzales, 503 F.3d 1116, 1122 (10th Cir. 2007))).

does not require proof of the intent to permanently deprive the owner of the property. See, e.g., Commonwealth v. Goins, 867 A.2d 526, 530 (Pa. Super. Ct. 2004) (describing the elements of theft by deception). Saillant cites older BIA decisions holding that a crime is a CIMT only if it involves that intent. See Diaz-Lizarraga, 26 I. & N. Dec. 847, 849 (B.I.A. 2016) ("From the Board's earliest days we have held that a theft offense categorically involves moral turpitude if—and only if—it is committed with the intent to permanently deprive an owner of property.").[2] Saillant also argues that his conviction could not be a CIMT because he "did not have a cor[r]upt mind or intent to do ev[i]l" to the victim. Pet'r's Br. 12.

Saillant's conviction forecloses the latter argument. Although Saillant pleaded nolo contendere to the theft-by-deception charge, such a plea is a conviction for immigration purposes. See Garcia v. Att'y Gen. of the U.S., 462 F.3d 287, 289 n.1 (3d Cir. 2006). And a Pennsylvania conviction for theft by deception requires that the defendant acted with intent and employed deception. See Goins, 867 A.2d at 530 ("Proof of [t]heft by

---

[2] In Diaz-Lizarraga, however, the Board "update[d]" its understanding of a CIMT and held that

> a taking or exercise of control over another's property without consent is itself a potentially reprehensible act that is inherently base and contrary to the moral duties owed between persons and to society in general, and . . . therefore conclude[d] that such a theft offense is a crime involving moral turpitude if it involves an intent to deprive the owner of his property either permanently or under circumstances where the owner's property rights are substantially eroded.

26 I. & N. Dec. at 852–53. For the reasons below, we need not determine whether retroactively applying Diaz-Lizarraga to a prior conviction would be permissible. Cf. Obeya v. Sessions, 884 F.3d 442, 449 (2d Cir. 2018) (determining that the BIA erred by applying the holding of Diaz-Lizarraga retroactively to find that a conviction was a CIMT).

[d]eception requires three elements: (1) intentionally obtaining or withholding property; (2) property belongs to another; and (3) deception."). We cannot look behind the conviction to determine whether Saillant lacked the intent necessary for the conviction. See Hillocks v. Att'y Gen. U.S., 934 F.3d 332, 338 (3d Cir. 2019) ("[T]he categorical approach does not call for the consideration of the facts of a particular case.").

We need not reach Saillant's argument that a Pennsylvania theft-by-deception conviction does not require proof of the intent to permanently deprive the owner of the property, as a conviction under 18 Pa. Cons. Stat. § 3922(a) is categorically an offense involving "fraud." We have extensively examined section 3922(a) in the past and determined that the statute was "bottomed on 'fraud or deceit.'" See Nugent v. Ashcroft, 367 F.3d 162, 179 (3d Cir. 2004), overruled on other grounds by Al-Sharif v. U.S. Citizenship & Immigration Servs., 734 F.3d 207 (3d Cir. 2013) (en banc).[3] And "the decided cases make it plain that crimes in which fraud was an ingredient have always been regarded as involving moral turpitude." Jordan v. De George, 341 U.S. 223, 232 (1951); see also Mahn v. Att'y Gen. of the U.S., 767 F.3d 170, 173 (3d Cir. 2014) (noting that it was "undisputed" that the petitioner's conviction under 18 Pa. Cons. Stat. § 3922(a) constituted a CIMT).

Because Saillant is removable as charged, we will deny the petition for review. The motion for remand is denied as moot.

---

[3] Nugent did not involve whether the conviction was a CIMT but rather whether the conviction came within the "aggravated felony" definition for certain crimes involving "fraud." See 8 U.S.C. § 1101(a)(43)(M)(i); Nugent, 367 F.3d at 169.